UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAY C. ATENCIO, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1305RWS |
| ) | |
| GATEWAY INSULATION ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter came before the Court on the motion for default judgment filed by Plaintiffs Jay C, Atencio, Eugene A. O'Brien, Dan Hancock, John J. Stiffler, Sean Walsh and Ross A. Mantia, as Trustees of the Heat and Frost Insulators and Allied Workers Local No. 1 pension Fund, and Thomas P. Leahy, Jr., Christopher Lyles, Thomas P. Walsh and Robert W. Lotich, Jr., as Trustees of the Heat and Frost Insulators St. Louis Welfare Fund.

Plaintiffs filed this action on August 14, 2009 to recover from Defendant Gateway Insulation Company, Inc. delinquent contributions and liquidated damages owed to Plaintiffs' pension and welfare funds pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §1132(g)(2) ("ERISA") and pursuant to the Labor Management Relations Act, 29 U.S.C. §185 ("LMRA") as well as

their costs and attorneys' fees incurred in pursuing this action. Default was entered by the Clerk on October 21, 2009, due to Defendant's failure to respond to the complaint. Plaintiffs now move for default judgment, submitting in support of their motion the affidavits of Tom Rhodes and Awanatu Koroma and a summary of legal expenses.

Upon review of the motion, exhibits and affidavits submitted by Plaintiffs, the Court finds that Plaintiffs have established that under ERISA, 29 U.S.C. §1132(g)(2) and §1145, and the applicable collective bargaining agreements, Defendant owes $5,616.00 in delinquent contributions and $3,046.51 in liquidated damages (totaling $8,662.51) to the Heat and Frost Insulators and Allied Workers Local No. 1 Pension Fund and $3,414,00 in delinquent contributions and $1,892.74 in liquidated damages (totaling $5,306.74) to the Heat and Frost Insulators St. Louis Welfare Fund.

The collective bargaining agreements and ERISA, 29 U.S.C. §1132(g)(2), require delinquent employers to pay Plaintiffs' attorneys' fees and costs. Plaintiffs incurred $5258.50 in legal fees and $444.51 in costs. Based on the evidence presented, the Court finds that the services performed by Plaintiffs' attorneys were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for attorneys' fees is reasonable.

**IT IS HEREBY ORDERED** that Plaintiffs' motion for default judgment [#6] is **GRANTED**.

Dated this 12th Day of November, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE